Citation Nr: 1229617 
Decision Date: 08/28/12 Archive Date: 09/05/12

DOCKET NO. 10-18 848 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUE

Entitlement to service connection for a right foot disability, due to residuals of a cyst removal. 


REPRESENTATION

Appellant represented by: AMVETS


ATTORNEY FOR THE BOARD

A. Haddock, Associate Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty for training (ADT) from January 1974 to September 1974. This matter is before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision of the Reno, Nevada Department of Veterans Affairs (VA) Regional Office (RO). The Veteran requested a Travel Board hearing; such hearing was scheduled in March 2012; however, the Veteran failed to appear and the hearing was not rescheduled. 

Also as an initial matter, the Board notes that it has reviewed not only the Veteran's physical claims file, but also the "Virtual VA" system. A review of the documents in Virtual VA found that they are either duplicates of evidence in the paper claims file or are not relevant to the issue on appeal.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if any action on his part is required.


REMAND

The Veterans Claims Assistance Act of 2000 (VCAA), in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2011). The VCAA applies to these claims. While the notice provisions of the VCAA appear to be satisfied the Board finds that further development of the record is necessary to comply with VA's duty to assist the Veteran in the development of facts pertinent to his claims. See 38 C.F.R. § 3.159 (2011). 

A governing regulation provides that an examination or opinion is necessary if the evidence of record: (A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and (B) establishes that the Veteran suffered an event, injury or disease in service; (C) indicates that the claimed disability or symptoms may be associated with the established event, injury, or disease in service, but (D) does not contain sufficient medical evidence for the Secretary to make a decision on the claim. See 38 C.F.R. § 3.159(c)(4). With respect to the factor C listed, the Court has stated that this element establishes a low threshold and requires only that the evidence "indicates" that there "may" be a nexus between the current disability or symptoms and the Veteran's service. McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). 

In his April 2009 claim, the Veteran stated that he had a right foot disability due to residuals of a cyst removal that occurred while he was on active service. The only available service treatment record the RO was able to obtain was the Veteran's January 1974 enlistment examination, which is silent for any complaints, findings, treatment, or diagnosis related to his right foot. In an April 2009 statement in support of his claim, the Veteran asserted that after the removal of the cyst from his right foot, he developed scar tissue and started to walk with a limp, which has since caused him to develop problems with his left foot. He stated that he has had problems with both feet for a number of years, however, they only recently became severe enough to warrant seeking medical treatment. The Board finds no reason to doubt the Veteran's credibility as to this allegation, regardless of the absence of any contemporaneous medical evidence. 

In January 2009 the Veteran visited the Reno VA Medical Center (VAMC) to see what services were available to him. At that time he reported having a cyst removed from the ball of his right foot in service and that he still had problems with that foot. June 2009 VA treatment records show that he complained of bilateral foot pain and was given a diagnosis of plantar warts and referred to podiatry for treatment. 

July 2009 VA treatment records show that the Veteran was seen by a podiatrist, Dr. D.G., with complaints of painful areas on the bottoms of both feet. He was given a diagnosis of corns and intractable plantar keratosis (IPK). Dr. D.G. debrided four lesions, gave the Veteran orthotics, and recommended he return in one month for follow up treatment. There is no evidence the Veteran sought any follow up treatment. 
The evidence shows that the Veteran has a current right foot disability and he has consistently reported that this disability has been ongoing since service. The Veteran's statements alleging continuity of symptomatology satisfy the "low threshold" standard as to when an examination to secure a nexus opinion is required, as such, development for such an examination is necessary. 38 C.F.R. § 3.159(c)(4); McLendon, 20 Vet. App. at 79.

Therefore, the Veteran should be afforded a VA examination to determine the nature and etiology of any currently present foot disability. Additionally, the Board finds that the RO should make additional attempts to obtain complete STRs and service personnel records for the Veteran. If no further records are available, such should be noted in the record. 

Accordingly, the case is REMANDED for the following:

1. Arrange for another search for the Veteran's STRs. If no further records are available, such should be noted in the record. 

2. Obtain the Veteran's service personnel records.

3. Then, arrange for an examination of the Veteran to ascertain the nature and likely etiology of any right foot disability(ies). The examiner must review the Veteran's claims file, elicit pertinent history, and conduct an examination (that includes any diagnostic studies deemed necessary). Based on the record and examination of the Veteran the examiner should provide responses to the following: 

a) Identify (by medical diagnosis) all right foot disability(ies) found; and 
b) Identify the most likely etiology for each right foot disability(ies) diagnosed. As to each diagnosed right foot disability, specifically indicate whether it is at least as likely as not (a 50% or better probability) that such was incurred in service/is related to the reported in-service right foot complaints (specifically, the reported 1974 right foot cyst removal). 

The examiner must explain the rationale for all opinions in detail, citing to supporting clinical data as appropriate.

4. The RO should then review the record and readjudicate the claim. If it remains denied, the RO should issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner.



_________________________________________________
M. C. GRAHAM
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).